**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ADVANTAGE CONSULTING GROUP, LTD. and CARL BRAUN,

Plaintiffs,

v.

ADT SECURITY SYSTEMS, INC.,

Defendant.

Civil No. 00-424 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Frederic W. Knaak, HOLSTAD & KNAAK, P.L.C., 1690 Minnesota World Trade Center, 30 East Seventh Street, St. Paul, MN 55101, for plaintiffs.

Keith J. Broady, ABDO & ABDO, P.A., 710 Northstar West, 625 Marquette Avenue, Minneapolis, MN 55402, for defendant.

This matter is before the Court on plaintiffs' appeal from a portion of Chief United States Magistrate Judge Franklin L. Noel's Order dated November 28, 2000. Plaintiffs appeal the portion of the Order requiring them to pay defendant $700 in attorneys' fees and for reasonable expenses incurred by defendant for bringing its motion to compel.

An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn.

FILED JUN 1 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

LR 72.1(b)(2). The Court has reviewed plaintiffs' submissions and the files, records, and proceedings with respect to the portion of the Magistrate Judge's Order from which plaintiffs' appeal. Based on this review, the Court finds nothing in the record that suggests this portion of the Order is clearly erroneous or contrary to law.

## ANALYSIS

Plaintiffs contend that a court has the authority to award attorneys' fees and costs in conjunction with a motion to compel only in instances of bad faith and that no bad faith on the part of plaintiffs has been demonstrated to support such an award. Plaintiffs' argument fails. There is no bad faith requirement in the awarding of expenses and attorneys' fees pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure. In fact, the rule provides that:

> If the motion [to compel] is granted . . . the court **shall**, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . .

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added). Although there are circumstances which, upon a proper showing, allow a court to decline awarding expenses and fees, plaintiffs have not demonstrated that any of the reasons listed in the rule apply in this instance. *See id.* (providing that a court shall award reasonable expenses "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust").

This is the second motion to compel brought by defendant in this case. Defendant filed this motion on November 9, 2000 after plaintiffs failed to provide routine discovery responses served on September 22, 2000.[1] No one appeared on behalf of plaintiffs at the motion hearing held on November 27, 2000. After granting defendant's motion to compel, the Magistrate Judge considered defendant's request for $1000 in fees and expenses. The Magistrate Judge awarded $700 based on the affidavit of Keith J. Broady and the Magistrate Judge's inquiry regarding the amount of fees and expenses incurred in bringing the present motion. Based on this record, the Magistrate Judge's award is supported by the evidence and is not clearly erroneous or contrary to law. The Court thus affirms that portion of the Magistrate Judge's Order.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that paragraph 2 of the Magistrate Judge's Order [Docket No. 23] is **AFFIRMED**.

DATED: June 11, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

---

[1] Prior to filing the motion, defendant wrote plaintiffs on two separate occasions, requesting responses to its discovery request. *See* Keith J. Broady Aff. (Exh. C, letter dated October 26, 2000; Exh. D, letter dated November 2, 2000). Defendant thus made a good faith effort to first obtain the discovery without resorting to court action.